United States District Court
Southern District of Texas
**ENTERED**
March 23, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| YASMIN RUVALCABA, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:18–CV–00243 |
| | § | |
| ANGLETON INDEPENDENT | § | |
| SCHOOL DISTRICT, ET AL., | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION

On August 19, 2019, this case was referred to United States Magistrate Judge Andrew M. Edison pursuant to 28 U.S.C. § 636(b)(1) (Dkt. 26). Pending before Judge Edison was defendant Angleton Independent School District's motion for summary judgment (Dkt. 30). On December 19, 2019, Judge Edison filed a memorandum and recommendation (Dkt. 36) recommending that the court grant the defendants' motion for summary judgment.

On February 7, 2020, the plaintiff filed her objections (Dkt. 44). The defendant Angleton Independent School District ("AISD") filed a response to the objections (Dkt. 45). In accordance with 28 U.S.C. § 636(b)(1)(C), the court must "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the court may "accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* FED. R. CIV. P. 72(b)(3).

There are a few arguments raised by the plaintiff that the court wants to specifically address since they were raised for the first time after Judge Edison issued his memorandum and recommendation.

First, the plaintiff complains that AISD failed to file an answer after Judge Edison ruled on a partial motion to dismiss in this case and asks that, as a result, the factual allegations in the first amended complaint be admitted. AISD acknowledges that it made a mistake and failed to file an answer but begs for forgiveness. Putting that aside, the plaintiff's argument is unpersuasive since "it is widely accepted among courts and commentators that the filing of a motion for summary judgment prior to the filing of an answer tolls the [deadline] for the filing of such answer during the pendency of the motion under Fed. R. Civ. P. 12." *Schreane v. Keffer*, No. 09-1252, 2011 WL 673883, at *1 (W.D. La. Feb. 16, 2011) (collecting cases); s*ee also Jennings v. Brazoria Cty.*, No. 3:17–CV–00243, 2018 WL 7625012, at *2 (S.D. Tex. Dec. 12, 2018).

Second, the plaintiff raises new evidence and argument not submitted to Judge Edison. "Because [the plaintiff is] not entitled to raise arguments for the first time in [her] objections to the Magistrate Judge's Report and Recommendation that were not asserted in [her] Motion, these new arguments are not properly before the Court for consideration." *McPeak-Torres v. Texas*, No. CV G-12-075, 2015 WL 12748276, at *1 (S.D. Tex. Jan. 22, 2015) (Costa, J.); *see also Freeman v.*

*Cty. of Bexar*, 142 F.3d 848, 850 (5th Cir. 1998) (recognizing that, absent compelling reasons, the requirement that the district court conduct de novo review does not permit the parties to raise "new evidence, argument, and issues that were not presented to the Magistrate Judge"); *Cupit v. Whiteley*, 28 F.3d 532, 535 (5th Cir. 1994) (arguments that could have been raised before the magistrate judge, but were raised for the first time in objections before the district court, were waived); *Paterson–Leitch Co., Inc. v. Mass. Mun. Wholesale Elec., Inc.*, 840 F.2d 985, 990–91 (1st Cir. 1988) (while a party is entitled to de novo review before a district court upon filing objections to the memorandum and recommendation of a magistrate judge, this does not entitle a party to raise issues or arguments which were not previously presented to the magistrate judge).

Turning to the merits of the summary judgment argument, the court finds Judge Edison's memorandum and recommendation persuasive and rejects the plaintiff's objections. The court has carefully considered the objections, the response, the memorandum and recommendation, the pleadings, the applicable law, and the record. The court accepts Judge Edison's recommendations (Dkt. 36) and adopts them as the opinion of the court. Accordingly, the court grants defendants' motion for summary judgment (Dkt. 30).

Signed on Galveston Island this 23rd day of March, 2020.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE